UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FANNY ANTOLINA HERRERA | CIVIL ACTION |
| VERSUS | NO. 18-8322 |
| BP EXPLORATION AND PRODUCTION, INC., ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendants' motion for summary judgment.[1] Because plaintiff cannot prove legal causation, the Court grants the motion.

## I. BACKGROUND

This case arises from plaintiff Fanny Herrera's alleged exposure to harmful chemicals following the DEEPWATER HORIZON oil spill.[2] Plaintiff alleges that she assisted in the clean-up of the Deepwater Horizon spill.[3] During this work she was allegedly exposed to oil, dispersants, and other

---

[1] R. Doc. 31.
[2] R. Doc. 1 at 5 ¶¶ 20-21.
[3] *Id.* at 5 ¶ 20.

harmful chemicals.4 According to plaintiff, on June 20, 2013, she was diagnosed with chronic conjunctivitis and various other chronic conditions.5

On August 31, 2018, plaintiff filed this action against defendants BP Exploration & Production Inc. and BP America Production Company, pursuant to the terms of the Medical Benefits Class Action Settlement Agreement (the Settlement Agreement) in *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*.6 Plaintiff alleges that her injuries were legally and proximately caused by her exposure to toxic chemicals during her clean-up efforts.7 Defendants now move for summary judgment.8 Plaintiff has not filed an opposition to defendants' motion.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069,

---

4     *Id.* at 5 ¶¶ 20-21.
5     *Id.* at 5 ¶ 22.
6     *See generally* R. Doc. 1.
7     *Id.* at 5 ¶ 26.
8     R. Doc. 31.

2

1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by

3

either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g.*, *id.*; *Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322 (emphasis added))).

## III. DISCUSSION

The BP Settlement Agreement resolved damages claims for certain individuals exposed to harmful chemicals as a result of the oil spill. *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, No. 10-2179, 2016 WL 4091416, at *4 (E.D. La. Aug 2, 2016). Class members who did not opt out of the agreement surrendered nearly all of their rights to sue BP in return for defined compensation benefits. *See Piacun v. BP Expl. & Prod., Inc.*, No. 15-2963, 2016 WL 7187946, at *3 (E.D. La. Dec. 12, 2016). One exception to this rule is for class member's whose injury caused by exposure to harmful chemicals is first diagnosed after April 16, 2012. *Id.* So long as certain preconditions are met, class members suffering from these "Later-Manifested Physical Conditions" (LMPCs) are permitted to file suit against BP in federal court as part of the Settlement Agreement's "Back-End Litigation Option" (BELO). *Id.* at *4.

Plaintiff is a class member who did not opt out of the Settlement Agreement, but she has stated a BELO claim against defendants arising from her alleged exposure to toxic chemicals. To succeed on this claim, she must prove, *inter alia*, (1) that she was correctly diagnosed with her alleged physical condition after April 16, 2012, and (2) that her LMPC was legally

5

caused by her exposure to harmful substances released as a result of the oil spill. *Id.* at *4-5.

In a toxic torts case, a plaintiff must rely on expert testimony to prove her medical diagnosis and causation. *See Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 723 (5th Cir. 2009) (noting that expert testimony is required to establish causation); *United States v. Crinel*, No. 15-61, 2016 WL 6441249, at *7 (E.D. La. Nov. 1, 2016) ("[A]n opinion regarding a patient's medical diagnoses or prognoses 'falls within the scope of expert testimony under [Federal Rule of Evidence] 702'" (quoting *Barnes v. BTN, Inc.*, 2013 WL 1194753, at *2 (S.D. Miss. Mar. 22, 2013), *aff'd*, 555 F. App'x 281 (5th Cir. 2014)).

There is no indication that plaintiff has retained an expert to provide testimony at trial related to her medical diagnosis or causation. *See* Fed. R. Civ. P. 26(a)(2)(B). Nor is there an indication that plaintiff will present expert testimony from a non-retained treating physician. *See id.* 26(a)(2)(C). Plaintiff did not make any expert disclosures by the Court-ordered deadline of January 10, 2020.[9] Plaintiff's failure to provide any expert disclosures to support a claim that requires expert testimony demonstrates that she cannot carry her burden of proof.

---

9    *See* R. Doc. 31-1 at 5; *see also* R. Doc. 14 at 2 (scheduling order).

The only evidence before the Court that could support plaintiff's medical diagnosis, or an inference of causation, is a June 2013 diagnostic form from Industrial Medicine Specialists.[10] The report lacks a causation opinion, or information necessary to develop a causation opinion. "Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain a plaintiff's burden in a toxic tort case." *Seaman v. Seacor Marine, LLC*, 326 F. App'x 721, 723 (5th Cir. 2009). This examination therefore fails to prove legal causation.

Moreover, this Court has found such IMS reports inadmissible under the Federal Rules of Evidence, as the owner of IMS previously testified[11] that the clinicians conducting IMS examinations "did not follow the standards generally accepted in the medical community for establishing medical diagnoses." *See Banegas v. BP Expl. & Prod., Inc.*, No. 17-7429, 2019 WL 424683, at *2 (Feb. 4, 2019).

---

[10] *See* R. Doc. 31-2.
[11] *See* R. Doc. 31-4 at 20 (deposition of Dr. Hubbell, owner of IMS, stating "I mean this would be thrown out the window if it was a regular federal court case for the medical practice").

## IV. CONCLUSION

For the foregoing reasons, defendants' unopposed motion for summary judgment is GRANTED, and plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __11th__ day of March, 2020.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE